IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DORA L. ADKINS, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:25-cv-1112 (RDA/WBP)
)
SHELL USA VIRGINIA, INC., )
)
    Defendant. )

**ORDER**

This matter comes before the Court on Plaintiff Dora L. Adkins' Motion for Leave from Court to File Proposed Emergency Complaint (Dkt. 1) and Motion to Expedite (Dkt. 2) ("Motions"). Plaintiff is a serial filer of frivolous lawsuits. *See, e.g.*, *Adkins v. American Service Center Associates, LLC*, No. 1:22-cv-956-LMB-WEF, Dkt. 3 (explaining that Plaintiff "has filed over 20 *pro se* frivolous complaints in this court since 1997, none of which survived a motion to dismiss" (citing *Adkins v. Mercedes-Benz USA, LLC*, 2022 WL 609554, at *2 (E.D. Va. Mar. 1, 2022)); *see also Adkins v. CP/IPERS Arlington Hotel, LLC*, 293 Va. 446, 452 (2017) (reviewing 41 of Plaintiff's past cases and concluding that she has "a history of (1) filing duplicative vexatious lawsuits, (2) without any objective good faith basis, and (3) at the expense of the court system and opposing parties"). As a result, Plaintiff is subject to multiple prefiling injunctions in this Court and the Court must screen Plaintiff's Complaint.

On October 1, 2021, District Judge Anthony J. Trenga issued an order enjoining Plaintiff from filing without leave of Court "any action against . . . any [] company or individual that alleges under any legal theory injuries or damages arising out of alleged food or chemical poisoning, including, but not limited to, claims for intentional infliction of emotional distress, negligence, assault, battery, or breach of warranty." *Adkins v. Hyatt Corporation*, No. 1:20-cv-1410-AJT-MSN, Dkt. 41 at 4. On August 17, 2022, this District Judge enjoined Plaintiff from filing without leave of Court "any action

against . . . any [] company or individual that alleges under any legal theory injuries or damages arising out of the use of her vehicle or any other form of transportation, including, but not limited to claims for intentional infliction of emotional distress, negligence, assault, battery, or breach of warranty." *Adkins v. Mercedes-Benz USA, LLC*, No. 1:21-cv-419-RDA-JFA, Dkt. 24 at 2. On October 19, 2022, District Judge Leonie M. Brinkema issued an order directing the Clerk not to accept for filing "further motions for leave to file a complaint or other attempt to file a new civil action by plaintiff unless plaintiff first pays the required $350 filing fee and $52 administrative fee." *Adkins*, No. 1:22-cv-956-LMB-WEF, Dkt. 3 at 5.

Here, Plaintiff seeks leave to file yet another frivolous Complaint, this time against Defendant Shell USA Virginia, Inc. Dkt. 1-1. Plaintiff alleges that she went to a Shell Service Station in Alexandria, VA, for a vehicle safety inspection. *Id.* ¶ 3. Plaintiff alleges numerous complaints regarding the service conducted, including but not limited to, that the mechanic at the station removed a towel from the driver's seat of the vehicle, the mechanic did not ask for Plaintiff's driver's license and registration, the mechanic did not properly clean or remove a soon to be expired safety inspection sticker, and the mechanic negligently closed the hood of the car. *Id.* ¶ 5. Plaintiff further alleges that she had a nightmare that the mechanic planted drugs and/or a weapon inside her vehicle. *Id.* ¶ 6. Plaintiff does not allege any resulting damage to the vehicle or that the vehicle was not functional. Plaintiff asserts claims of negligence and claims for intentional infliction of emotional distress ("IIED"). *Id.* ¶¶ 29-122. Plaintiff seeks $600,000,000 in damages. *Id.* ¶ 133.

Plaintiff's proposed Complaint fails to state a plausible claim for relief. With respect to Plaintiff's multitude of negligence claims, the Complaint fails to allege that Defendant's conduct breached a duty of care to handle Plaintiff's vehicle in a safe manner. Plaintiff's allegations, such as the mechanic sitting in the car without a protective covering on the seat, closing the hood of the car with one hand rather than two, and not scraping off the glue from an old stick, do not constitute

breaches to any duty of care the Defendant may have owed to Plaintiff. Further, Plaintiff fails to allege that the vehicle was actually damaged. With respect to the intentional infliction of emotional distress claim, a defendant may be found liable only if the wrongful conduct is "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 241 Va. 23, 27 (1991). The conduct alleged here—essentially Plaintiff's own nightmare caused by no actions of the mechanics at the service station—does not satisfy this rigorous standard. Moreover, the excessive amount of damages sought in the proposed Complaint—$600,000,000—is further indication of the meritless nature of Plaintiff's claims. *See Anderson v. Pollard*, 2020 WL 9349174, at *2 (E.D. Va. Aug. 24, 2020) (dismissing complaint as frivolous partly on the basis of a *pro se* plaintiff seeking $75,000,000 in damages).

Accordingly, having screened the proposed Complaint and finding that it fails to allege any plausible cause of action, it is hereby

ORDERED that the Motion for Leave from Court to File Proposed Emergency Complaint (Dkt. 1) is DENIED; and it is

FURTHER ORDERED that the Motion to Expedite (Dkt. 2) is DENIED AS MOOT.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Cout within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to send a copy of this Order to Plaintiff, who is proceeding *pro se*, and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
July 9, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge